IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UTAH REVERSE EXCHANGE, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION  14-0408-WS-B ) |
| LINDA DONADO, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motions to strike and to dismiss.  (Docs. 13, 15).  The parties have filed briefs in support of their respective positions, (Docs. 24, 25),[1] and the motions are ripe for resolution.[2]

The complaint, (Doc. 1), alleges that the sole member of each of the five plaintiff limited liability companies is Charles Breland.  In August 2014, counsel for Breland met with counsel for the defendants herein, during which meeting "a written demand was presented on behalf of the [defendants], seeking what they claim to be past commissions and fees allegedly owed by" the plaintiffs for services in connection with the sale of certain properties owned by the plaintiffs, pursuant to a promise made at a previous meeting.  The demand was for $3.2 million.  A demand for certain expense reimbursements in connection with one of the properties, in the amount of $350,000 and pursuant to a promise made at a different previous meeting, was also made at the August 2014 meeting.  The

---

[1] The defendants originally supported their motions only with one-page, conclusory filings that did not rise to the dignity of briefs.  (Docs. 14, 16).  At the Magistrate Judge's insistence, (Doc. 19), the defendants filed a more adequate brief.

[2] The defendants declined the opportunity to file a reply brief in support of their motions.  (Doc. 19).

plaintiffs deny any such debt and seek a declaration that they do not owe the defendants these amounts or any other.

According to the defendants, in August 2014 they were involved in litigation with Breland concerning his IRA. "In an effort to resolve this suit," defense counsel met with counsel for Breland. (Doc. 24 at 2). It was during this meeting that defense counsel presented the defendants' demand regarding commissions, fees and expenses. (*Id*. at 5). The defendants argue that what occurred during the August 2014 meeting is protected by Rule 408; that the allegations of the complaint concerning that meeting should thus be stricken; and that, shorn of those allegations, the complaint fails to state a claim on which relief can be granted.

Rule 408 makes certain evidence "not admissible … to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). First are settlement offers, which in the present context means "promising to accept, or offering to accept … a valuable consideration in compromising or attempting to compromise the claim." *Id*. Rule 408(a)(1). Second is "conduct or a statement made during compromise negotiations about the claim." *Id*. Rule 408(a)(2).

According to the complaint, the defendants did not make a settlement offer, that is, a proposal to compromise the claim at issue in this lawsuit; instead, the defendants presented their demand for the full amount they claim is owed them. Such a demand falls outside Rule 408.[3] According to the defendants, their counsel "made these statements … as an offer to accept a settlement of any and all differences between the parties," (Doc. 24 at 5), but they have offered no evidence to support that contention and thus have not drawn the contrary allegations of the complaint into question.

---

[3] "[A] bill that itemizes what the sender thinks the recipient owes him and demands – even under threat of legal action – payment is not an offer in settlement or a document in settlement negotiations and hence is not excludable by force of Rule 408." *Winchester Packaging, Inc. v. Mobil Chemical Co.*, 14 F.3d 316, 319 (7th Cir. 1994).

Even had the defendants shown that their counsel made a settlement proposal rather than a demand for full satisfaction, the plaintiffs are not using his statement for an impermissible purpose. By its terms, Rule 408 bars such evidence only as proof that a claim is valid (or invalid) or that it is worth a particular amount.[4] The plaintiffs, however, do not cite the demand/offer as proof the defendants' claim is valid (i.e., that they really do owe some or all of the claimed amount); on the contrary, the very purpose of the lawsuit is to obtain a judicial declaration that the claim is not valid. Nor do the plaintiffs cite the demand/offer as proof the claim is bogus. The only purpose of alleging the demand/offer is to establish that there is a live controversy, exceeding the jurisdictional amount, as to which subject matter jurisdiction can attach and declaratory relief can be granted. "This is perfectly acceptable under Rule 408." *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007).

In a creative but ineffectual effort to shoehorn the plaintiffs' usage into the language of Rule 408, the defendants argue that the plaintiffs' purpose is to demonstrate "the validity *of the existence* of the claim." (Doc. 24 at 5 (emphasis added)). Elsewhere, they argue that, because a live controversy is essential to the Court's exercise of jurisdiction, the plaintiffs are using their demand/offer to demonstrate "the validity *of this action*." (*Id*. at 6 (emphasis added)). To state the obvious, under neither of these formulations are the plaintiffs attempting to "prove or disprove the validity … of a disputed claim." Under both formulations, they are attempting only to show the existence of a justiciable controversy within the Court's original diversity jurisdiction.

For the reasons set forth above, the defendants' motions to strike and to dismiss are **denied**.

---

[4] *Accord* Fed. R. Evid. 408 advisory committee notes, 2006 amendments ("The amendment retains the language of the original rule that bars compromise evidence *only* when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim.") (emphasis added).

DONE and ORDERED this 2nd day of February, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE