IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UTAH REVERSE EXCHANGE, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION  14-0408-WS-B ) |
| LINDA DONADO, et al., | ) ) |
| Defendants. | ) |

**ORDER**

In the joint pretrial document and at the final pretrial conference, the parties expressed disagreement as to whether and to what extent this action is to be tried to a jury and in which order the parties should present their respective cases. (Doc. 88-1 at 10).  The Court therefore ordered the parties to brief this issue. (Doc. 90 at 2).  The parties now have done so.  (Doc. 92 at 1-7; Doc. 95 at 1-3).

The parties agree that, to the extent the defendants have legal claims, they are entitled a jury trial and that the plaintiffs' mirror-image equitable claim for declaratory relief cannot deny them that right, either directly (by eliminating the jury aspect) or indirectly (by allowing the claim for equitable relief to be tried by the Court before the legal claims are tried to a jury).  (Doc. 92 at 1-3; Doc. 95 at 1).

With respect to the Mexico property, the defendants assert claims for breach of contract and promissory estoppel/detrimental reliance.  (Doc. 88-1 at 5, 9).  Under both theories, the defendants seek an award of damages and no other relief.  (*Id*. at 5, 15; Doc. 91 at 1).  The plaintiffs admit that the contract claim is legal and thus to be tried before a jury, (Doc. 92 at 3), but they note that promissory estoppel "has equitable as well as legal aspects."  (*Id*. at 5 n.2).  They acknowledge that the promissory estoppel theory, "[t]o the extent [it] may be seen

as a legal claim," must be heard by a jury, (*id*.), but they coyly decline to state whether they believe there is an extent to which it is not a legal claim, much less to identify wherein the non-legal nature inheres.

"[T]he characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963). "Thus, for Seventh Amendment purposes, a promissory-estoppel claim may be considered equitable or legal, depending on the context …." *InCompass IT, Inc. v. XO Communications Services, Inc*., 719 F.3d 891, 896 (7th Cir. 2013). "If the claim is for relief traditionally found at law, such as contract damages, then the availability of a trial by jury would seem to be at its zenith. On the other hand, if the claim is to provide relief unavailable at law [such as to avoid the statute of frauds], then the claim clearly sounds in equity, and the right to jury trial is at its nadir." *Id*. The matter may be put even more strongly: "If the claim for relief [when promissory estoppel is asserted] is money damages, … the remedy is legal in nature and the right to a trial by jury must be preserved." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2316 at 203 (3rd ed. 2008).

The defendants' claimed remedy is damages, and the plaintiffs do not assert that the defendants are asserting promissory estoppel to avoid an affirmative defense or to gain any other relief unavailable at law. The Court concludes that the promissory estoppel theory as to the Mexico property presents a legal claim triable to a jury.

With respect to the Utah property, the defendants likewise assert claims for breach of contract and promissory estoppel/detrimental reliance. (Doc. 88-1 at 8-9). However, under both theories the only relief they seek is specific performance. (*Id*. at 8-9, 15; Doc. 91 at 2).[1] The defendants concede that their "claim for

---

[1] The defendants seem to suggest they are seeking damages as well as (or in lieu of) specific performance, (Doc. 95 at 2), but they have already conclusively abandoned any demand for damages under any theory with respect to the Utah property. (Doc. 91 at

2

specific performance as to the Utah property mineral rights is … an equitable claim." (Doc. 95 at 1-2). The defendants thus have no right to a trial by jury on all issues with respect to the Utah property.

However, "[w]hen legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, *including all issues common to both claims*, remains intact." *Lytle v. Household Manufacturing, Inc.*, 494 U.S. 545, 550 (1990) (emphasis added, internal quotes omitted). The plaintiffs say there are no common questions of fact between the Mexico and Utah branches of this lawsuit, (Doc. 92 at 4), while the defendants suggest there are. (Doc. 95 at 2). The parties' presentations are insufficiently detailed to permit the Court to rule definitively on which factual issues arising on the Mexico side are likewise implicated on the Utah side, but it would appear that some such common issues exist. Specifically, and perhaps most importantly, the alleged oral agreements of Charles Breland binding the plaintiffs to satisfy all indebtedness to the defendants, (Doc. 74 at 2-3), would seem to apply to both the Mexico and Utah aspects of the case.[2] To the extent there are such common issues,[3] the Court will be bound on the Utah side by findings made by the jury on the Mexico side.[4]

As shown above, there must be both a jury aspect and a bench aspect to the trial of this action. The plaintiffs propose that the jury first hear all evidence regarding the Mexico side of the action and that the Court, once the jury retires to

---

2 ("[O]n the breach of contract, detrimental reliance or promissory estoppel concerning the Utah property, the Donados will seek *only* specific performance of the agreement to transfer 25% of the property's mineral interests to them.") (emphasis added)).

[2] The plaintiffs suggest Breland's alleged agreements are relevant only to the Utah property, (Doc. 92 at 5 n.1), but the defendants identify this as an issue as to the Mexico property. (Doc. 88-1 at 7).

[3] The Court expects the parties' cooperation in identifying such common issues for the Court.

[4] To be sure of the jury's findings on such common issues, special interrogatories may be necessary, which should be included with the parties' proposed jury charges. (Doc. 90 at 3).

deliberate, hear all remaining evidence regarding the Utah side of the action. (Doc. 92 at 6). The defendants respond that the Court should not hold two trials but should consolidate all claims for trial. (Doc. 95 at 2). To the uncertain extent the defendants suggest the jury should hear all the evidence, including evidence relevant only to the Utah property, the Court rejects the suggestion as inefficient and potentially confusing for the jury.

Accordingly, trial will commence with the parties' opening statements regarding the Mexico property, followed by the presentation of evidence to the jury regarding the Mexico property, closing arguments and jury instructions. Trial will then resume as to the Utah property, with the parties presenting to the Court only evidence not already presented to the jury.

As the parties are aware, the undersigned will not preside over jury selection. Unless the presiding judge rules otherwise, the parties are **ordered** to limit any comments before the venire, panel and jury during this process to the Mexico property aspect of the case.

The plaintiffs, who seek only a declaration "that they do not owe Defendants" what the defendants demand, (Doc. 88-1 at 2), nevertheless propose that they present their case first. (Doc. 92 at 6). They offer no authority for this unusual proposal, to which the defendants object. (Doc. 95 at 2-3).

"The court should exercise reasonable control over the mode and order of … presenting evidence so as to … make those procedures effective for determining the truth [and] avoid wasting time …." Fed. R. Evid. 611(a). Thus, "[a] trial court has broad discretion to exercise control over the order of presentation at trial." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1181 (11th Cir. 2002); *accord United States v. Williams*, 837 F.2d 1009, 1014 (11th Cir. 1988) ("As the Supreme Court has explained, the order of proof in a trial is in the discretion of the trial court."). Allowing the plaintiffs to present evidence challenging the defendants' contentions before the defendants have made or supported those contentions is not a recipe for effectively determining the truth

4

(not least because of likely jury confusion) and avoiding the waste of time (including time spent refuting matters the defendants never assert).  In the exercise of its broad discretion, the Court elects to permit the defendants to present their case first.  This ruling applies to both the jury and the bench segments of trial.

DONE and ORDERED this 28th day of January, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE