IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UTAH REVERSE EXCHANGE, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 14-0408-WS-B ) |
| LINDA DONADO, et al., | ) ) |
| Defendants. | ) |

**ORDER**

On January 13, 2016, the Court ordered the plaintiffs to file a trial brief addressing, inter alia, res judicata and "any other disputed question of law that the parties have not previously briefed." (Doc. 90 at 2). The plaintiffs filed a trial brief addressing several issues, including res judicata. The final paragraph of the res judicata section does not address res judicata at all but instead introduces a brand-new "disputed question of law that the parties have not previously addressed" – whether Breland had "authority to reach any new alleged agreement regarding the Donados' claims." (Doc. 92 at 18). The Court ordered briefing on this issue, (Doc. 98), which the parties have now provided. (Docs. 100, 101).

The parties were warned long ago that affirmative defenses not listed in the joint pretrial document, once adopted by the Court as part of its final pretrial order, would not be part of the case. (Doc. 37-1 at 4-5). The final pretrial order confirmed that "[d]ispositive legal issues that are not contained in the parties' Joint Pretrial Document" or any authorized amendment thereto "will not be considered." (Doc. 90 at 2). The Court has scoured the joint pretrial document in vain for any reference to lack of authority as a defense to the defendants' contract

claims.[1] The plaintiffs' failure to preserve any such issue for trial obviates consideration of the issue.

Even had the plaintiffs not waived this issue, it would avail them nothing. They argue that Breland's alleged agreement to commit the assets of the plaintiffs to satisfying any debt to the defendants constituted a "compromise … involv[ing] estate assets" that "is not enforceable because a settlement or compromise in bankruptcy is not enforceable without court approval." (Doc. 100 at 3). Thus, any agreement by Breland "was not authorized and was of no effect and could not be enforced without approval by the Bankruptcy Court," (*id*. at 4), which approval was not sought or obtained.

It is the plaintiffs' theory that Bankruptcy Rule 9019 requires this result. That rule provides that,"[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The plaintiffs assert, and the Court assumes, that the same applies to a debtor-in-possession under Chapter 7.[2]

Where, though, is the compromise or settlement? The defendants did not agree to accept less than what they claimed was owed, and Breland did not agree to pay more than what he claimed was owed. The allegation is that Breland "promised that he would satisfy all obligations to the Donados from his assets remaining in his possession, including those in his various LLCs, after his bankruptcy matter had been settled," (Doc. 88-1 at 7), in exchange for their assistance of Breland in his bankruptcy proceedings and their refraining from

---

[1] It appears that lack of authority to enter a contract is a defense to a contract claim and not an element of the claim. *See Service Corp. International v. Fulmer*, 883 So. 2d 621, 631 (Ala. 2003) (lack of mental capacity to enter a contract is a defense); *see also Wausau Development Corp. v. Natural Gas & Oil, Inc*., 144 So. 3d 309, 314 (Ala. 2013) (lack of capacity under the door-closing statute is an affirmative defense). Regardless of how Alabama law characterizes a lack-of-authority argument, in this case it must be considered a defense for the simple reason that the parties in the joint pretrial document did not describe authority to enter a contract as an element of the contract claims. (Doc. 88-1 at 5, 8).

[2] *See In re: Signet Industries, Inc.*, 1998 WL 639168 at *3 (6th Cir. 1998) (assuming Rule 9019 applies to debtors-in-possession).

2

filing a claim therein.  This is an agreement, but it addresses only *how* to pay the defendants, not *how much* to pay them.  Absent such an agreement, there was no settlement or compromise of their claim.  *See In re:  Signet Industries, Inc.*, 1998 WL 639168 at *3 (6th Cir. 1998) (for purposes of Rule 9019, "a compromise is any agreement between two parties made in order to avoid a lawsuit or otherwise settle a dispute on mutually agreeable terms").

Nor is there any indication that Breland lacked "authority to reach any new alleged agreement regarding the Donados' claims."  The plaintiffs' own case, as well as many others, confirm that a debtor-in-possession (or trustee) can enter an agreement with a creditor in settlement or compromise of a claim; the agreement thereupon exists, subject only to the condition subsequent of judicial approval.[3]  These cases reflect that, even if it applied, Rule 9019 would not deprive Breland of authority to reach an agreement with the defendants; at most, it would deprive the defendants of the ability to enforce an agreement he had authority to enter.  While the plaintiffs in their brief speak in terms of enforceability as well as authority, (Doc. 100 at 3-4), unenforceability under Rule 9019 is not an issue raised by the plaintiffs, even tardily, and it therefore is not part of this case.[4]

---

[3] *E.g., In re:  Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 395 (M.D. Fla. 2008) ("[A] party to a valid settlement agreement is bound to the contract unless and until the bankruptcy court rejects the settlement …."); *In re:  Cotton*, 136 B.R. 888, 890 (M.D. Ga. 1992) ("[A] debtor's agreement to compromise is binding upon all parties to the agreement pending court approval of the agreement."), *rev'd on other grounds*, 992 F.2d 311 (11th Cir. 1993); *In re:  Turner*, 274 B.R. 675, 681 (Bankr. W. D. Pa. 2002) ("Applying principles of contract law, it is clear that the parties before us reached a binding agreement[, subject to a] condition subsequent" of judicial approval); *In re: Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) ("The agreement is therefore binding on the parties pending approval by this Court."); *In re:  United Shipping Co.*, 1989 WL 12723 at *5 (Bankr. D. Minn. 1989) ("The absence of court approval does not mean that the parties did not agree to the settlement.  It only means that the court has not yet approved it.").

[4] The only unenforceability arguments preserved in the final pretrial document are based on the statute of frauds.  (Doc. 88-1 at 5, 9).

For the reasons set forth above, the Court concludes that the plaintiffs have preserved no issue relating to either Breland's authority to enter the alleged agreement with the defendants or the unenforceability of the agreement for failure to obtain the Bankruptcy Court's approval of the agreement. Nor is the plaintiffs' authority argument legally supportable. Accordingly, the plaintiffs are forbidden to assert these issues before the jury by evidence or argument.[5]

DONE and ORDERED this 12th day of February, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court is concerned that the plaintiffs have now attempted to inject into this complicated case, on the eve of trial, two issues that they failed to preserve for trial in the joint pretrial document. The parties are admonished to confine themselves at trial to the issues they have preserved in that document.