IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UTAH REVERSE EXCHANGE, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION  14-0408-WS-B ) |
| LINDA DONADO, et al., | ) ) |
| Defendants. | ) |

**ORDER**

The plaintiffs preserved in the joint pretrial document an affirmative defense of res judicata.  (Doc. 88-1 at 12).  The Court in the final pretrial order required the parties to brief the res judicata issue, (Doc. 90 at 2), and they have done so.  (Doc. 92 at 10-18; Doc. 95 at 3-5).

"For res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado v. United States Attorney General*, 664 F.3d 1369, 1375 (11th Cir. 2011) (internal quotes omitted).

According to the defendants, they provided services to Breland in acquiring, developing, and managing the Mexico and Utah properties.  As compensation for these services, Breland agreed to pay the defendants 10% of the properties' eventual resale price, although the parties later changed the compensation with respect to the Utah property to a 25% mineral interest.  After the properties were acquired, Breland sought bankruptcy protection under Chapter 11.  Breland and the defendants then agreed that, in exchange for the defendants assisting Breland in bankruptcy and refraining from filing a claim therein, he

would satisfy all obligations to the defendants from his assets remaining after the bankruptcy proceedings were concluded – including the assets of the plaintiffs, which are single-member LLCs owned by Breland. The defendants fulfilled their obligations, and they now sue the plaintiffs to obtain the benefits of their bargain. (Doc. 88-1 at 3-4, 5-9).

The plaintiffs' res judicata argument runs as follows: (1) the defendants seek in this lawsuit compensation for services rendered in the bankruptcy proceeding, including in connection with the re-sale of the Mexico and Utah properties; (2) the Bankruptcy Code provides for such services to be compensated out of the estate, subject to judicial approval of the services before they are rendered and judicial approval of the amount of compensation afterwards; (3) the defendants did not seek such an award in the bankruptcy proceedings, and no such award was made in the Bankruptcy Court's confirmation orders. (Doc. 92 at 12-15).

The Court assumes for present purposes that the first two elements of res judicata are met. *See In re: Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990) (order confirming a plan of reorganization constituted a final judgment on the merits entered by a court of competent jurisdiction). The question is whether the last two elements are also met.

As noted, the defendants did not file a claim in Breland's bankruptcy proceedings. The plaintiffs say this does not matter because the defendants had notice of the proceedings and of the confirmation plans that awarded them no fees (indeed, they helped prepare the plans), effectively rendering them "parties" to those proceedings for res judicata purposes. (Doc. 92 at 16-17). "[O]ne who participates in a chapter 11 plan confirmation proceeding becomes a party to that proceeding even if never formally named as such." *Justice Oaks*, 898 F.2d at 1550. Although the question is not free from doubt, the Court assumes for present purposes that the defendants could be considered parties to the bankruptcy proceedings.

What the plaintiffs ignore, however, is that Breland is not a party to this action, and they were not parties to the bankruptcy proceedings. They offer no explanation how the third element of res judicata could be satisfied under such circumstances, and the Court will not construct or support an explanation on their behalf.

Nor have the plaintiffs shown that the cause of action here is the same as it was in the bankruptcy proceedings. As they acknowledge, all that could have been addressed in the bankruptcy proceedings was the defendants' compensation for work performed within those proceedings. The defendants' claim here is far more vast than that, encompassing all their pre- (and perhaps post-) bankruptcy work in acquiring, developing and managing the Mexico and Utah properties. "Under the most basic principles of res judicata, Kodak did not have to sue Wachovia in a forum where it could not receive full relief." *In re: Atlanta Retail, Inc.*, 456 F.3d 1277, 1285 (11th Cir. 2006). The plaintiffs have not attempted to show that the defendants could have obtained from the Bankruptcy Court the "full relief" they seek here – *i.e.*, $1.9 million plus a 25% mineral interest –as compensation just for their work within the bankruptcy proceedings.[1]

A further difficulty is that the defendants' claim herein against the plaintiffs did not exist during the bankruptcy proceedings. According to the defendants' theory, Breland agreed during the bankruptcy proceedings to expose the plaintiffs' assets to satisfy the defendants' claims, but with such exposure delayed until after the bankruptcy proceedings concluded. (Doc. 88-1 at 7). The plaintiffs have not explained how res judicata could bar a cause of action that did not arise until after the bar arose. Again, the Court will not develop or support a rationale on their behalf.

---

[1] On the contrary, it appears that the primary consideration for the defendants' bankruptcy work was Breland's agreement to make the plaintiffs' assets available to satisfy his obligations to the defendants.

The plaintiffs emphasize that the defendants could not have received an award in the bankruptcy proceedings even had they asked for it, because they failed to obtain judicial approval to perform services for the debtor prior to performing those services.  (Doc. 92 at 13-14).  For res judicata purposes, it matters not why the Bankruptcy Court ruled as it did and, to the uncertain extent the plaintiffs are proposing an objection separate from res judicata, their failure to identify it as an issue in the final pretrial document means it is not part of this case.  Their glancing suggestion that "a confirmed plan of reorganization can act as a discharge in favor of non-entities to the bankruptcy," (Doc. 92 at 15), to the uncertain extent meant as an argument that the plaintiffs' alleged obligations to the defendants were discharged by virtue of Breland's bankruptcy proceedings, lies outside the scope of this lawsuit for the same reason.

For the reasons set forth above, the Court concludes that the plaintiffs' res judicata defense is legally insupportable.  Accordingly, the plaintiffs are forbidden to assert this defense before the jury by evidence or argument.  They are likewise forbidden to assert before the jury the arguments addressed in the preceding paragraph.

DONE and ORDERED this 12th day of February, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE